UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YALITZA VALLE,

    Plaintiff,

v.                                                    CASE NO: 8:10-cv-2775-T-23MAP

NATIONAL RECOVERY AGENCY,

    Defendant.
_____/

**ORDER**

Yalitza Valle sues (Doc. 1) and alleges that National Recovery Agency ("National") violated 15 U.S.C. §§ 1692d & 1692d(5), each a provision of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, by calling Valle at home and at work eighty-two times in an attempt to collect debt incurred from emergency medical service. National moves (Doc. 31) for summary judgment, and Valle responds (Doc. 37) in opposition. The parties dispute no fact.[1]

National attaches to the motion an undisputed copy of a communication log used by National while attempting to collect Valle's debt. The log confirms that Sarasota Emergency Associates referred the debt to National for collection on

---

[1] Without citation to judicial authority, Valle argues that perforce Rule 36(a), Federal Rules of Civil Procedure, National's late response to a request for admission amounts to an admission (1) that National called Valle ten times within twenty-four hours and (2) that National called Valle both before 8:00 a.m. and after 9:00 p.m. However, Magistrate Judge Pizzo excused (Doc. 30) National's late response. Even absent Magistrate Judge Pizzo's order, which alone justifies rejecting Valle's argument, "[R]equests for admissions as to central facts in dispute are beyond the proper scope of the rule. Such requests have consistently been held improper." *Pickens v. Equitable Life Assurance Soc. of the U.S.*, 413 F.2d 1390, 1393-94 (5th Cir. 1969).

February 26, 2008, and that National mailed a "collection letter" on November 9, 2009. The log confirms that between December 30, 2009, and September 7, 2010, National telephoned Valle at home and at work for a total of eighty-two calls, twenty-two of which occurred in February, 2010. On seventeen occasions, National called both Valle's home telephone number and work telephone number during the same day. National never called the same number more than once per day. Valle never answered. National never left a voice message. Speaking with National for the first and only time, Valle telephoned National on September 9, 2010, and National stopped calling Valle.

Section 1692d broadly prohibits a debt collector attempting to collect a debt from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse." A debt collector violates Section 1692d by "[c]ausing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass." 15 U.S.C. § 1692d(5). Viewed from the perspective of an unsophisticated (or the "least sophisticated") debtor, whether a debt collection practice violates Section 1692d is "[o]rdinarily . . . a question for the jury." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175, 1179 (11th Cir. 1985). However, Congress intended the judiciary to structure Section 1692d's "confines," which often warrant summary judgment. *Jeter*, 760 F.2d at 1179-80.

Because debt collection practices feature facts unbounded in variety, no list can encompass the combination of each attribute of each practice that "naturally results,"

or is intended to result, in harassment, oppression, or abuse. Factors often examined in assessing a claimed violation of Section 1692d and Section 1692d(5) include (1) the volume and frequency of attempts to contact the debtor, (2) the volume and frequency of contacts with the debtor, (3) the duration of the debt collector's attempted communication and collection, (4) the debt collector's use of abusive language, (5) the medium of the debt collector's communication, (6) the debtor's disputing the debt or the amount due, (7) the debtor's demanding a cessation of the communication, (8) the debt collector's leaving a message, (9) the debt collector's calling at an unreasonable hour, (10) the debt collector's calling the debtor at work, (11) the debt collector's threatening the debtor, (12) the debt collector's lying to the debtor, (13) the debt collector's impersonating an attorney or a public official, (14) the debt collector's contacting a friend, co-worker, employee, employer, or family member, and (15) the debt collector's simulating or threatening legal process.[2]

Attempting to show a triable issue of fact, Valle cites only the phone calls from National. Occurring during a 252-day span, the eighty-two calls occurred at the rate of approximately one every three days. In February, 2010, National called Valle twenty-two times. On seventeen days, National called Valle twice, once at home and once at work.

---

[2] *See, e.g.*, *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230 (11th Cir. 2011); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389 (6th Cir. 1998); *Carman v. CBE Group, Inc.*, 782 F. Supp. 2d 1223 (D. Kan. 2011); *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301 (M.D. Fla. 2010) (Adams, J.); Sen. Rep. No. 382, 95th Cong., 1st Sess. 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

Valle produces no other evidence of potentially harassing conduct. National never called Valle twice at the same phone number during the same day. National conversed with Valle only once and only when Valle called National, who never again called Valle. National never threatened Valle; never called Valle at an odd hour; never contacted a friend, employer, co-worker, or family member; and never engaged in other conduct "naturally" resulting, or intending to result, in harassment, oppression, or abuse. Valle never disputed the debt, never demanded cessation of the calls, and never answered the phone. On facts more egregious and more indicative of harassment, oppression, or abuse, summary judgment is routinely granted in favor of the debt collector. *See, e.g.*, *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301 (M.D. Fla. 2010) (Adams, J.) (granting summary judgment although the debt collector called fifty-seven times, often calling seven times per day, and leaving six identical voice messages); *Waite v. Fin. Recovery Servs., Inc.*, No. 8:09-cv-2336, 2010 WL 5209350 (M.D. Fla. Dec. 16, 2010) (Covington, J.) (granting summary judgment although the debt collector during nine months called 132 times, often calling four times per day); *Druschel v. CCB Credit Servs., Inc.*, No. 8:10-cv-838, 2011 WL 2681637 (M.D. Fla. June 14, 2011) (McCoun, M.J.) (recommending summary judgment although the debt collector called the debtor fourteen times during two weeks), *adopted by* 2011 WL 2681953 (M.D. Fla. July 11, 2011); *Carman v. CBE Group, Inc.*, 782 F. Supp. 2d 1223 (D. Kan. 2011) (Robinson, J.) (granting summary judgment although the debt collector called the debtor 149 times during two months); *Pugliese v.*

*Prof. Recovery Serv., Inc.*, No. 09-12262, 2010 U.S. Dist. Lexis 64111 (E.D. Mich. June 29, 2010) (Edmunds, J.) (granting summary judgment although the debt collector called 350 times during eight months); *Katz v. Capital One*, No. 09-10096, 2009 WL 3190359 (E.D. Mich. Sept. 30, 2009) (Edmunds, J.) (granting summary judgment although the debt collector called fifteen to seventeen times after receipt of a cease and desist letter disputing the debt). Absent evidence of harassing, oppressive, or abusive conduct, the pattern and frequency of National's calls to Valle create no triable issue of fact under either Section 1692d or Section 1692d(5).

### *Conclusion*

National's motion for summary judgment (Doc. 31) is **GRANTED**. The clerk is directed to (1) enter judgment for the defendant and against the plaintiff, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on May 18, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE